UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  5:26-cv-00316-MWC-DTB                                Date: January 29, 2026

Title:    A.S. v. Kristi Noem *et al.*

Present: The Honorable Michelle Williams Court, United States District Judge

| T. Jackson | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiffs:
N/A

Attorneys Present for Defendants:
N/A

**Proceedings:   (IN CHAMBERS) Order GRANTING Petitioner's *Ex Parte* Application for Temporary Restraining Order (Dkt. [2])**

Before the Court is Petitioner A.S.'s ("Petitioner") *ex parte* application ("Application") seeking a temporary restraining order ("TRO") enjoining Kristi Noem, Pamela Bondi, Todd Lyons, Ernesto Santacruz, Jr., and the Warden of the Desert View Facility (collectively, "Respondents")[1] from removing Petitioner outside of the Court's jurisdiction or to a third country without notice and an opportunity to be heard on any fear of persecution or torture he has in that third country. *See* Dkt. # 2 ("*App.*").  Petitioner also seeks an order directing his immediate release, enjoining Respondents from requiring electronic monitoring of Petitioner, and enjoining Respondents from re-detaining Petitioner absent notice and an opportunity to be heard. *See id.*  Respondents opposed the Application. *See* Dkt. # 10 ("*Opp.*").

The Court issued a standing order on January 26, 2026, enjoining Petitioner's removal from the District pending further orders from the Court and setting a briefing schedule on Petitioner's Application.  *See* Dkt. # 6.  Because Petitioner asked to proceed via pseudonym, *see* Dkt. # 3, the Court directed Petitioner to serve the Court's standing order on Respondents and to include Petitioner's full name when doing so, *see* Dkt. # 6.

---

[1] The petition for writ of habeas corpus, *see* Dkt. # 4 ("*Pet.*"), lists Kristi Noem as the Secretary of the Department of Homeland Security ("DHS"), Pamela Bondi as the Attorney General of the United States, Todd Lyons as the Acting Director of Immigrations and Customs Enforcement ("ICE"), and Ernesto Santacruz, Jr. as the Director of the ICE Los Angeles Field Office.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:26-cv-00316-MWC-DTB                                             Date: January 29, 2026

Title:     A.S. v. Kristi Noem *et al.*

For the reasons set forth below, the Court **GRANTS** the Application.

I.  Background

Petitioner is a native and citizen of India who has lived in the United States for nine years. *See App.* 8 (citing *Pet.* and attached documentation). On April 25, 2019, an Immigration Judge granted Petitioner's application for withholding of removal based on a high likelihood that he would be persecuted if returned to India. *See id.* Petitioner has no criminal history. *See id.*

On June 21, 2019, ICE placed Petitioner on an Order of Supervision ("OSUP") since it had yet to effect Petitioner's removal during the legally prescribed period. *See id.* Petitioner had continued to check in with ICE, and Petitioner retains employment authorization. *See id.*

On December 22, 2025, ICE arrested Petitioner at a check-in and informed him that they would remove him to a third country, though they have not informed Petitioner as to which country that is. *See id.*

II.  Legal Standard

A.     *Ex Parte* Applications

"Circumstances justifying the issuance of an ex parte order are extremely limited." *Reno v. Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) (quoting *Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 438–39 (1974)). "Consistent with [the Supreme Court's] overriding concern, courts have recognized very few circumstances justifying the issuance of an ex parte TRO." *Id.* (discussing parties' failure to provide notice under Fed. R. Civ. P. 65(b)).

In this District, *ex parte* applications are solely for extraordinary relief and are rarely justified. *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995). A party filing an *ex parte* application must support its request for emergency relief with "evidence . . . that the moving party's case will be irreparably prejudiced if the underlying motion is heard according to regularly noticed motion procedures," and a showing "that the moving party is without fault in creating the crisis that requires ex parte

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:26-cv-00316-MWC-DTB                              Date: January 29, 2026

Title:    A.S. v. Kristi Noem *et al.*

relief, or that the crisis occurred as a result of excusable neglect." *Id.* at 492. "Ex parte applications are not intended to save the day for parties who have failed to present requests when they should have." *Id.* at 493 (internal quotation marks omitted).

    B.    <u>Temporary Restraining Orders</u>

Federal Rule of Civil Procedure ("Rule") 65 grants district courts the power to issue injunctions and restraining orders. Issuance of a TRO, as a form of preliminary injunctive relief, is an extraordinary remedy, and the applicant for such a remedy bears the burden of proving its propriety. *See Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). In general, the showing required for a TRO and a preliminary injunction are the same. *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). The applicant for a TRO must show that: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm absent the injunction; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 5, 20 (2008); *Meinecke v. City of Seattle*, 99 F.4th 514, 521 (9th Cir. 2024). "In the Ninth Circuit, a plaintiff may also prove a TRO is warranted by raising 'serious questions going to the merits.'" *NML Cap., Ltd. v. Spaceport Sys. Int'l, L.P.*, 788 F. Supp. 2d 1111, 1125 (C.D. Cal. 2011) (quoting *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011)). Where the non-movant is a government entity, "the third and fourth [*Winter*] factors . . . merge." *Fellowship of Christian Athletes v. San Jose Unified Sch. Dist. Bd. of Educ.*, 82 F.4th 664, 695 (9th Cir. 2023) (en banc).

III.    <u>Discussion</u>

    A.    *Ex Parte* Application and *Mission Power* Factors

Petitioner has satisfied the *Mission Power* factors. Petitioner has been in custody since December 22, 2025, and Respondents have informed Petitioner that they intend to remove him to a third country. Even though Petitioner cannot verify the truthfulness of that information, if the Court heard the Application according to regularly noticed motion procedures, that would leave Petitioner detained without access to any due process—and subject to potential removal—for at least an additional 28 days. Though Petitioner could have sought the TRO sooner, the fact that he provided ICE time to give him some additional due process cannot cut against him. However, after weeks in continued detention without the requisite process, the Court finds *ex parte* relief warranted.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:26-cv-00316-MWC-DTB                              Date: January 29, 2026

Title:   A.S. v. Kristi Noem *et al.*

      B.      Request for Release from Detention

           i.      *Likelihood of Success on the Merits*

                a.      *Statutory and Regulatory Framework*

"Freedom from imprisonment . . . lies at the heart of the liberty" that the Fifth Amendment's Due Process Clause protects. *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). "[T]he Due Process Clause applies to all 'persons' within the United States," including noncitizens, "whether their presence here is lawful, unlawful, temporary, or permanent." *Id.* at 693; *see also Trump v. J.G.G.*, 604 U.S. 670, 673 (2025) ("'The Fifth Amendment entitles [noncitizens] to due process of law' in the context of removal proceedings." (quoting *Reno v. Flores*, 507 U.S. 292, 306 (1993))). Thus, a noncitizen under an OSUP has a constitutional liberty interest in their continued release from immigration detention. *See Sun v. Santacruz*, No. EDCV-25-02198-JLS-JCx, 2025 WL 2730235, at *5–6 (C.D. Cal. Aug. 26, 2025) (finding the petitioner had a "substantial" liberty interest in "remaining out of immigration custody" pursuant to an OSUP and granting a TRO enjoining the respondents from re-detaining the petitioner without a pre-detention hearing before a neutral adjudicator); *Yang v. Kaiser*, No. 2:25-CV-02205-DAD-AC (HC), 2025 WL 2791778, at *7–10 (E.D. Cal. Aug. 20, 2025) (same).

8 U.S.C. § 1231(a) governs the detention, release, and removal of noncitizens with an order of removal. Under § 1231(a), a noncitizen who has been ordered removed must be detained during the 90-day removal period. 8 U.S.C. §§ 1231(a)(1)(A), 1231(a)(2)(A). However, if a noncitizen is not removed within this period, they must be released "subject to supervision under regulations prescribed by the Attorney General." *Id.* § 1231(a)(3). While certain noncitizens may be detained beyond the 90-day removal period, such noncitizens, if released, must also be subject to the same terms of supervision as those under § 1231(a)(3). *Id.* § 1231(a)(6).

8 C.F.R. § 241.4 and 8 C.F.R. § 241.13 set the terms of supervised release under 8 U.S.C. § 1231(a)(3) and 8 U.S.C. § 1231(a)(6), including the conditions and procedures under which ICE may revoke release. *See* 8 C.F.R. §§ 241.4(l), 241.13(i). First, ICE may revoke release when a noncitizen violates a condition of their OSUP. *Id.* §§ 241.4(l)(1), 241.13(i)(1). Second, ICE may revoke release when, "on account of changed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.  5:26-cv-00316-MWC-DTB                              Date: January 29, 2026

Title:       A.S. v. Kristi Noem *et al.*

circumstances, [ICE] determines that there is a significant likelihood that the [noncitizen] may be removed in the reasonably foreseeable future." *Id.* § 241.13(i)(2).  Third, certain officials may exercise their discretion to revoke release.  *See id.* § 241.4(l)(2).

Upon revocation of release, ICE must provide the noncitizen a copy of the decision "set[ting] forth the reasons for the continued detention." *Id.* § 241.4(d).  Additionally, the noncitizen must be "notified of the reasons for revocation," *id.* § 241.4(l)(1), and afforded "an initial informal interview promptly . . . to respond to the reasons for revocation stated in the notification," *id.* § 241.13(i)(3).

      b.      *Analysis*

Respondents first argue that Petitioner failed to include the requisite evidence necessary for an *ex parte* application for a TRO.  *See Opp.* 2–3.  They also aver that "the TRO Application does not properly identify the Petitioner," *see id.* 2, but this statement ignores the circumstances surrounding the Application.  First, Petitioner included a litany of evidence alongside his petition for writ of habeas corpus.  *See Pet.*, Exs. 1–8.  Moreover, when the Court set the briefing schedule for the *ex parte* application, it ordered Petitioner to provide his true name to Respondents so that they could recognize the individual at issue.  *See* Dkt. # 7.  Respondents instead decided to file their reply before receiving service.  *See Opp.*; Dkt. # 11.  To be sure, Petitioner's service was later than the Court originally mandated, but Respondents still received service before their deadline to respond to the *ex parte* application, *see* Dkt. # 11, nor did Respondents ask the Court for additional time based on Petitioner's delay.  With such severe liberty interests at stake, Respondents' attempt to dispose of this case on narrow procedural grounds is unavailing, and the Court must consider the merits.

Next, Petitioner has shown at least a serious question going to the merits of his request for release from detention.  Respondents attempt to recast the 90-day removal period as commencing each time that the government re-detains a petitioner.  *See Opp.* 8–9.  Not so.  The 90-day removal period applies to the first 90 days after a petitioner receives a final order of removal.  *See Truong v. Noem*, No. 25-cv-2597-JES-MMP, 2025 WL 2988357, at *4 (S.D. Cal. Oct. 22, 2025).  After that 90 days expires, "the alien, pending removal, shall be [released] subject to supervision under regulations prescribed by the Attorney General." 8 U.S.C. §§ 1231(a)(2)(A), (a)(3); *see also Alva v. Kaiser*, No. 25-cv-06676-RFL, 2025 WL 2419262, at *3 (N.D. Cal. 2025) (explaining that the default status

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   5:26-cv-00316-MWC-DTB                                                Date: January 29, 2026

Title:         A.S. v. Kristi Noem *et al.*

after the 90-day removal period is release on conditions). Respondents had already released Petitioner subject to his OSUP, so Respondents must now show that Petitioner's re-detention is authorized for a different reason, including that his removal is likely in the reasonably foreseeable future. *See Chen v. Chestnut*, No. 1:25-cv-01338-EPG-HC, 2025 WL 3496444, at *4–5 (E.D. Cal. Dec. 5, 2025). Respondents have failed to make such a showing at this juncture.

"It is well-established that government agencies are required to follow their own regulations." *Delkash v. Noem*, No. 5:25-cv-01675-HDV-AGR, 2025 WL 2683988, at *5 (C.D. Cal. Aug. 28, 2025) (citing *United States ex rel Accardi v. Shaughnessy*, 347 U.S. 260, 268 (1954)). Here, there is a serious question going to the merits as to whether Respondents followed the relevant regulations. If Respondents failed to follow their release revocation procedures, Petitioner's re-detention would be unlawful. *See id.* (collecting cases); *Nazarian v. Noem*, No. EDCV 25-02694-KK-ADSx, 2025 WL 3236209, at *5 (C.D. Cal. Nov. 3, 2025); *Esmail v. Noem*, No. 2:25-cv-08325-WLH-RAO, 2025 WL 3030590, at *6–7 (C.D. Cal. Sept. 12, 2025). Moreover, Petitioner's release is necessary to return him to the status quo, or "the last uncontested status which proceeded the pending controversy." *Hoac v. Becerra*, No. 2:25-CV-01740-DC-JDP, 2025 WL 1993771, at *7 (E.D. Cal. July 16, 2026) (cleaned up) (quoting *GoTo.com, Inc. v. Walt Disney Co.*, 202 F.3d 1199, 1210 (9th Cir. 2000)).

Accordingly, Petitioner has shown at least a serious question going to the merits of his request for release from detention, counseling in favor of granting a TRO.

        *ii.*     *Irreparable Harm*

"It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)). Petitioner would be immediately and irreparably harmed by his continued deprivation of liberty in potential violation of the regulatory strictures governing re-detention. *See Hashemi v. Noem*, No. 2:25-cv-10335-HDV-SR, 2025 WL 3468694, at *7 (C.D. Cal. Nov. 19, 2025); *Delkash*, 2025 WL 2683988, at *6; *see also Hernandez v. Sessions*, 872 F.3d 976, 994–95 (9th Cir. 2017) (finding irreparable harm was likely to result from government's policy of not considering financial ability to pay immigration bonds); *Rodriguez v. Robbins*, 715 F.3d 1127, 1144–45 (9th Cir. 2013) (finding irreparable harm was likely to result from government's reading

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 5:26-cv-00316-MWC-DTB | Date: January 29, 2026 |
| Title: A.S. v. Kristi Noem *et al.* | |

of immigration detention statutes as not requiring a bond hearing for noncitizens subject to prolonged detention). "Moreover, the Ninth Circuit has recognized 'the irreparable harms imposed on anyone subject to immigration detention,' including 'subpar medical and psychiatric care in ICE detention facilities.'" *Delkash*, 2025 WL 2683988, at *6 (quoting *Hernandez*, 872 F.3d at 999).

Accordingly, this factor weighs in favor of granting the TRO ordering Petitioner's release from detention and restoration of his OSUP status.

### iii.   Balance of Equities and Public Interest

As detailed above, the last two *Winter* factors "merge when the Government is the opposing party." *Nken v. Holder*, 556 U.S. 418, 435 (2009). As to Respondents' interests, there is a compelling interest in the enforcement of the nation's immigration laws. *See Medina v. U.S. Dep't of Homeland Sec.*, 313 F. Supp. 3d 1237, 1252 (W.D. Wash. 2018). Still, the balance of equities and the public interest factors tip in favor of Petitioner because he is challenging Respondents' violation of federal law. *See Valle del Sol Inc. v. Whiting*, 732 F.3d 1006, 1029 (9th Cir. 2013) ("[I]t is clear that it would not be equitable or in the public's interest to allow the [government] . . . to violate the requirements of federal law." (citations omitted)); *Esmail*, 2025 WL 3030590, at *9; *Luu v. Bowen*, No. 5:25-CV-03145-MEMF-SP, 2025 WL 3552298, at *10 (C.D. Cal. Dec. 11, 2025) ("'Public interest concerns are implicated when a constitutional right has been violated, because all citizens have a stake in upholding the Constitution.'" (quoting *Preminger v. Principi*, 422 F.3d 815, 826 (9th Cir. 2005))); *see also Rodriguez v. Robbins*, 715 F.3d 1127, 1145 (9th Cir. 2013) (noting that the government "cannot suffer harm from an injunction that merely ends an unlawful practice").

Accordingly, and considering the other factors that the Court has already examined, Petitioner is entitled to immediate release from detention and restoration of his OSUP status.

### C.   Request to Enjoin Removal to Third Country or from Court's Jurisdiction

Petitioner also asks the Court to bar Respondents from removing Petitioner from this District or to a third country without notice and an opportunity to be heard on any fear of persecution or torture he has in that third country. *See App.* 10. As an initial matter, if

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:26-cv-00316-MWC-DTB                                        Date: January 29, 2026

Title:        A.S. v. Kristi Noem *et al.*

Respondents removed Petitioner from the country—or even from this District—during the pendency of these proceedings, that would frustrate the Court's ability to provide the relief it now grants.  It is within the Court's power to grant incidental relief necessary to effectuate its order.  *See Dominguez v. Dep't of Mental Health*, No. CIV S-06-0301 GEB CKD P, 2012 WL 1576001, at *3 (E.D. Cal. May 3, 2012) ("A federal court may order measures ancillary to the appropriate prospective relief." (citing *Edelman v. Jordan*, 415 U.S. 651, 668 (1974))).

Respondents contend that the Court lacks jurisdiction to hear this request, characterizing the request a collateral attack on Petitioner's order of removal.  *See Opp.* 4.  A litany of case law forecloses this argument.  *See, e.g.*, *J.R. v. Bostock*, 796 F. Supp. 3d 684, 690 (W.D. Wash. 2025) (noting that "Section 1252(g) shields only discretionary decisions concerning the deportation process, and the Government has a non-discretionary duty to withhold removal under the Convention Against Torture (CAT)," allowing the Court to retain jurisdiction to hear constitutional and statutory claims regarding withholding of removal to a third country (quoting *D.V.D. v. U.S. Dep't of Homeland Sec.*, 778 F. Supp. 3d 355, 378 (D. Mass. 2025))); *Yang*, 2025 WL 2791778, at *3 n.4.

Beyond the pendency of these proceedings, Petitioner remains entitled to notice and the opportunity to be heard regarding fear of torture in that country.  The Convention Against Torture applies in full force.  Congress has provided that "it shall be the policy of the United States not to expel, extradite, or otherwise effect the involuntary return of any person to a country in which there are substantial grounds for believing that the person would be in danger of being subjected to torture."  *See Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017) (citing Foreign Affairs Reform and Restructuring Act of 1998, Pub.L. No. 105–277, Div. G, Title XXII, § 2242, 112 Stat. 2681–822 (1998) (codified as a note to 8 U.S.C. § 1231 (1999))).  The District Court's authority to enjoin the government from taking actions not authorized by any regulation or statute—or in contravention thereof—is well-recognized.  *See Al Otro Lado, Inc. v. McAleenan*, 423 F. Supp. 3d 848, 866 (S.D. Cal. 2019).

Other courts have identified that individuals like Petitioner have "a due process right to receive a meaningful notice and opportunity to present a fear-based claim to an immigration judge before DHS deports him to a third country." *Gomez v. Mattos*, No. 2:25-cv-00975-GMN-BNW, 2025 WL 3101994, at *6 (D. Nev. Nov. 6, 2025); *see M.T.M. v. Andrews*, No. 2:25-cv-08208-SRM-PD, 2025 WL 2995053, at *2 (C.D. Cal. Sept. 24,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  5:26-cv-00316-MWC-DTB | Date: January 29, 2026 |
| Title: A.S. v. Kristi Noem *et al.* | |

2025); *Vaskanyan v. Janecka*, No. 5:25-cv-01475-MRA-AS, 2025 WL 2014208, at *9 (C.D. Cal. June 25, 2025).

Like Petitioner's request for an order barring re-detention absent compliance with governing law, the Court construes this request as one that Respondents comply with applicable federal law prior to removing Petitioner to a third country. Accordingly, the Court enjoins Respondents from removing Petitioner from this District for the pendency of these proceedings or thereafter removing him to a third country without notice and an opportunity to be heard on any fear of persecution or torture he has in that third country.

D.   Request for Order Enjoining Re-Detention

The Application includes a request for the Court "to enjoin Respondents from re-detaining Petitioner absent notice and an opportunity to be heard. The Court has already listed above the requirements for Respondents to re-detain Petitioner. The Court construes this request as one for an order that Respondents follow the governing law before re-detaining Petitioner. Based on the Court's reasoning above, Petitioner has likewise satisfied the *Winter* factors with respect to this request. Accordingly, Petitioner is entitled to an order enjoining Respondents from re-detaining Petitioner without complying with the law governing such re-detention, including the requirement that Respondents provide an informal interview where Petitioner can contest the revocation of his OSUP status and demonstrate that his removal is not reasonably foreseeable. *See Rodriguez v. Bondi*, No. C25-2167RSM, 2025 WL 3466925, at *3 (W.D. Wash. Dec. 3, 2025); *Delkash*, 2025 WL 2683988, at *6.

E.   Request for Order Enjoining Electronic Monitoring

Petitioner's last request is for an order enjoining electronic monitoring of Petitioner following his release from detention. The purpose of a TRO or preliminary injunction is to reinstate the status quo *ante litem*, *see Board v. Pac. Seafood Grp.*, 822 F.3d 1011, 1024 (9th Cir. 2016), and the "[s]tatus quo *ante litem*" refers to "the last uncontested status which preceded the pending controversy," *GoTo.com*, 202 F.3d at 1210 (quoting *Tanner Motor Livery, Ltd. v. Avis, Inc.*, 316 F.2d 804, 809 (9th Cir. 1963)). The Court understands that Petitioner was never subject to electronic monitoring previously, and Respondents do not address Petitioner's request to remain free from that monitoring. Accordingly, to maintain

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   5:26-cv-00316-MWC-DTB                                                         Date: January 29, 2026

Title:   A.S. v. Kristi Noem *et al.*

the status quo *ante litem*, the Court will grant Petitioner's request to enjoin Respondents from subjecting Petitioner to electronic monitoring following his release.

IV.   Bond Requirement

Rule 65 notes that "[t]he court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). "Despite the seemingly mandatory language, 'Rule 65(c) invests the district court with discretion as to the amount of security required, *if any*.'" *Johnson v. Couturier*, 572 F.3d 1067, 1086 (9th Cir. 2009) (quoting *Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003) (emphasis in original)). "In particular, the district court may dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct." *Id.* (cleaned up). "That is, the mandatory language of Rule 65(c) does not 'absolve[] the party affected by the injunction from its obligation of presenting evidence that a bond is needed, so that the district court is afforded an opportunity to exercise its discretion in setting the amount of the bond.'" *Vaskanyan*, 2025 WL 2014208, at *8 (quoting *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 321 F.3d 878, 883 (9th Cir. 2003)).

Since the Court is ordering that Respondents follow the governing law, bond is unnecessary. *See Swan v. Tanjuakio*, No. 21-00052 JMS-KJM, 2021 WL 1794756, at *8 (D. Haw. May 5, 2021) ("The court is simply requiring [defendant] to follow the law. No bond is required." (footnote omitted)); *Hassanzadeh v. Warden*, No. ED CV 25-2113-DMG (MAAx), 2025 WL 3306272, at *6 (C.D. Cal. Nov. 25, 2025) (ruling that bond was unnecessary where the court ordered respondents to release immigration detainee from custody and follow the governing law).

V.   Conclusion

For the foregoing reasons, the Court **GRANTS** the Application and **ORDERS** as follows:

1. Respondents must release Petitioner immediately under an Order of Supervision which includes the same conditions as Petitioner's previous release.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.  5:26-cv-00316-MWC-DTB                                Date: January 29, 2026

Title:        A.S. v. Kristi Noem *et al.*

2. Respondents may not subject Petitioner to any electronic monitoring that was not a condition of Petitioner's previous Order of Supervision.
3. Respondents may not re-detain Petitioner absent compliance with 8 C.F.R. § 241.4(l)(1), 8 C.F.R. § 241.13(i), and all other governing law.
4. Respondents may not transfer Petitioner out of this District during the pendency of these proceedings.
5. Respondents may not remove Petitioner to a third country without notice and an opportunity to be heard on any fear of persecution or torture he has in that third country.

The Court **ORDERS** Respondents to show cause, in writing, no later than 7 days after this Order as to why a preliminary injunction should not issue.  Petitioner may file a response no later than 7 days after Respondents' filing.

**IT IS SO ORDERED.**

                                                                            :
**Initials of Preparer**   TJ